## BERNARD v. ÆTNA LIFE INS. CO.
### No. 1088.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

St. Clair Adams, Jr., of New Orleans, for appellant.

A. W. Dalferes, of Lafayette, for appellee.

### PER CURIAM.

This case was heard by us at our last term in the parish of Iberia. It was our understanding at the time that proper parties, appellant and appellee, were before the court, but upon reaching the record for study and decision we find that such is not the case.

The record contains an answer to the appeal, also an ex parte affidavit, signed by two parties, in which it is stated that Antheole Bernard, the original plaintiff and appellee, while the appeal was pending, had departed this life leaving a widow, Mrs. Leocadie Bernard, née Zimmerman, and ten children, issue of his marriage with her, as his sole and only heirs, and an unsigned order, apparently intended for the district court, recognizing them as such and making them parties plaintiffs and appellees.

The briefs in the record make no reference to the death of Antheole Bernard.

Taking the affidavit to be true, we have no appellee before the court. Antheole Bernard is dead, but his widow and heirs have not been made parties and substituted as appellees in his place.

We have no specific rule on the subject ourselves, but are governed by those of the Supreme Court. The rule of the Supreme Court requires a sufficient showing of authority.

In this instance there is no showing that Antheole Bernard died intestate; that the legal community of acquêts and gains existed between himself and his widow at the time of his death; nor that all of his children have reached the age of majority. If any of his children are minors, then, in that case they should be provided with a representative appointed and qualified in the lower court as the law directs.

The application to make parties appellees with documents showing sufficient authority are to be filed with the clerk of this court. The order making parties will be signed in chambers and upon which we will resume consideration of the appeal.